BOLIN, Justice
(concurring specially).
This is a grandparent-visitation proceeding initiated in the Etowah Circuit Court by N.E.F. and C.F., the paternal grandparents of C.L.S., a minor child, pursuant to § 30-3-4.1, Ala.Code 1975, the Alabama Grandparent Visitation Act. The trial court entered an order awarding the paternal grandparents visitation with C.L.S., and on appeal the Court of Civil Appeals affirmed that order, without an opinion. AS. v. N.E.F. (No. 2080037, October 30, 2009), 65 So.3d 1043 (Ala.Civ.App.2009) (table). A.S. and C.S., the adoptive parents of C.L.S., petitioned this Court for a writ of certiorari to review the decision of the Court of Civil Appeals, which this Court granted. A.S. and C.S. alleged that the Court of Civil Appeals’ no-opinion af-firmance of the trial court’s order awarding the paternal grandparents visitation was in conflict with E.H.G. v. E.R.G., 73 So.3d 614 (Ala.Civ.App.2010), aff'd on other grounds, Ex parte E.R.G., 73 So.3d 634 (Ala.2011).
The main opinion succinctly and correctly reverses the decision of the Court of Civil Appeals based on this Court’s decision in Ex parte E.R.G., supra, and I concur in the main opinion. I write specially, however, to note the distinction between an action requesting grandparent visitation under § 30-3-4.1, which was declared unconstitutional in Ex parte E.R.G., and under a separate statute, § 26-10A-30, Ala. Code 1975, a provision in the Alabama Adoption Code that allows grandparent visitation in certain instances. One of the definitions of “grandparent” in § 30-3-4.1(a) is “the parent of a minor child’s parent whose parental rights have been *657 terminated when the child has been adopted pursuant to Section 26-10A-27, 26-10A-28, or 26-10A-30, dealing with stepparent and relative adoption,” while § 26-10A-30 addresses the visitation rights of “natural grandparents of the adoptee ... when the adoptee is adopted by a ... grandfather [and] a grandmother.... ” In this case, the petitioning paternal grandparents satisfied the definition for grandparents entitled to bring an action requesting visitation under both of the above-quoted sections, thus allowing alternative avenues of relief in either the circuit court or the probate court, both having concurrent jurisdiction over grandparent visitation under the particular facts of this case.
N.E.F. and C.F. are the paternal grandparents seeking visitation with their grandchild, C.L.S., who was adopted by the child’s legal maternal grandparents, A.S. and C.S. (A.S. and C.S. are the natural maternal great-grandparents of C.L.S., but they were legally C.L.S.’s grandparents at the time of C.L.S.’s adoption because they had previously adopted C.L.S.’s mother). The petitioners N.E.F. and C.F. thus met the requirements to petition for grandparent visitation under either grandparent-visitation statute set out above. N.E.F. and C.F. chose to bring this action in the circuit court, and this action is therefore governed by the provisions of § 30-3-4.1, because an action seeking grandparent visitation under § 26-10A-30 can be maintained only in the probate court that granted the adoption. See § 26-10A-3, which provides: “The probate court shall have original jurisdiction over proceedings brought under this chapter.”
This Court held § 30-3-4.1 unconstitutional in Ex parte E.R.G., supra; consequently, the Court of Civil Appeals’ affir-mance of the trial court’s order granting visitation pursuant to that statute is due to be reversed. As stated above, however, N.E.F. and C.F. could have filed a petition seeking grandparent visitation in the probate court that had granted the adoption of C.L.S. by A.S. and C.S. Section 26-10A-30 provides:
“Post-adoption visitation rights for the natural grandparents of the adoptee may be granted when the adoptee is adopted by a stepparent, a grandfather, a grandmother, a brother, a half-brother, a sister, a half-sister, an aunt or an uncle and their respective spouses, if any. Such visitation rights may be maintained or granted at the discretion of the court at any time prior to or after the final order of adoption is entered upon petition by the natural grandparents, if it is in the best interest of the child.”
The constitutionality of § 26-10A-30 was addressed in Ex parte D.W., 835 So.2d 186 (Ala.2002), in which this Court stated:
“The Alabama Adoption Code, which became effective January 1, 1991, is codified at § 26-10A-1 et seq., Ala.Code 1975. The constitutionality of [§ 26-10A-30] of the Alabama Adoption Code is at issue in this case....
[[Image here]]
“... [T]hat section allows the ‘natural grandparents of the adoptee’ to petition for ‘post-adoption visitation rights’ in the context of intrafamily adoptions. The section clearly abrogates, under certain circumstances, the common-law rule, which did not allow grandparents a legal right of visitation. See Ex parte Bronstein, 434 So.2d 780, 783 (Ala.1983).
“Under the authority of § 26-10A-30, the trial court granted the petitioners visitation rights. The adopting parents appealed to the Court of Civil Appeals. That court reversed the judgment of the trial court, holding that § 26-10A-30 unconstitutionally infringes upon the adop-
*658 tive parents’ fundamental right to parent. The Court of Civil Appeals based its holding upon its interpretation and application of the recent decision of the United States Supreme Court in Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000).
[[Image here]]
“The Court of Civil Appeals focused upon the fundamental right of parents to rear their children, the linchpin of the United States Supreme Court’s holding in Troxel. However, Troxel involved the rights of a natural mother, while this case involves the rights of adopting parents in the limited context of intrafamily adoptions. In our opinion, the Court of Civil Appeals erred in overlooking this significant distinction.
[[Image here]]
“It was the clear intent of the Legislature in enacting § 26-10A-30 to give the trial court the authority to grant post-adoption visitation rights to the natural grandparents of the adoptee, when the adoptee is adopted by a family member. The only reasonable conclusion is that the Legislature intended to limit the rights of the adopting parents by allowing the possibility of court-ordered grandparent visitation over the objections of the adopting parents. Any other conclusion would fail to give any effect to § 26-10A-30, in violation of this Court’s duty to harmonize the statutory provisions in order to give effect to all parts of the statute.
“Under the facts of this case, adopting parents, whose rights are exclusively dependent upon statutory law, must be treated differently than natural parents. The Court of Civil Appeals erred in failing to note this distinction and, as a result, erroneously held that Troxel compelled the reversal of the judgment of the trial court.”
835 So.2d at 187-91.
Interposing the parties herein in the relevant parts of § 26-10A-30, that statute would read: “Post-adoption visitation rights for the natural grandparents [N.E.F. and C.F.] of the adoptee [C.L.S.] may be granted when the adoptee [C.L.S.] is adopted by ... a grandfather [and] a grandmother [A.S. and C.S.].” N.E.F. and C.F. are the natural parental grandparents of C.L.S., and A.S. and C.S. were the legal maternal grandparents of C.L.S. at the time of C.L.S.’s adoption. There is no requirement in § 26-10A-30 that A.S. and C.S. had to be the “natural” grandparents of C.L.S. in order to pursue a closely related adoption. They were the natural maternal great-grandparents before their adoption of C.L.S.’s mother, at which time they simply became the legal grandparents of her children.
Accordingly, I write only to note that, under the facts of this case, had N.E.F. and C.F. petitioned in the probate court that had granted C.L.S.’s adoption for grandparent visitation pursuant to § 26-10A-30, they would have been proceeding in a forum this Court has held to be constitutionally empowered to grant grandparent visitation in an intrafamily adoption setting. However, I express no opinion as to the merits of the grandparent-visitation request in this case or if the request had been made under these facts in the probate court.